UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ISRAEL VELEZ,

    Plaintiff,

v.

COLONEL JOSEPH R. FUENTES, et al.,

    Defendants.

Civil Action No. 15-6939 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants Colonel Joseph R. Fuentes ("Colonel Fuentes"), and Chief James W. Collins's ("Chief Collins") (collectively, "Defendants") motions to dismiss Plaintiff Israel Velez's ("Plaintiff") Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). (ECF Nos. 40, 45.) Plaintiff filed opposition (ECF Nos. 43, 47), and Chief Collins replied (ECF No. 46). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' motions to dismiss are granted.

**I.**    **Background**[1]

    This case arises from a traffic stop of Plaintiff conducted by Trooper James Brettel[2] on September 17, 2013. (Am. Compl. ¶ 17, ECF No. 36.) On September 17, 2013, at or about 3:00

---

[1] The Court limits its factual recitation to the factual allegations necessary to decide the instant motions.

[2] The Court notes that there is a discrepancy in the spelling of Trooper James Brettel's last name in the Amended Complaint and responsive pleadings. For ease of reference, the Court will

p.m., Plaintiff left his workplace in West Trenton, New Jersey, and was driving through the Hamilton area when he noticed that a state police vehicle was following him with its lights on. (*Id.*) At the direction of Trooper Brettel, Plaintiff pulled his vehicle over to the side of the road. (*Id.* ¶ 18.) Trooper Brettel then approached Plaintiff's vehicle, asking for his license and registration. (*Id.*) Plaintiff asked Trooper Brettel the reason for the traffic stop. (*Id.*) Trooper Brettel, however, refused to answer and stated that Plaintiff needed to provide his license and registration. (*Id.*) Plaintiff requested that Trooper Brettel contact his shift supervisor and have him present at the scene. (*Id.*) Trooper Brettel refused to call his supervisor and repeated his request for Plaintiff's license and registration. (*Id.*) Plaintiff repeated his inquiry as to the reason for the stop, but never received a response from Trooper Brettel. (*Id.*) Trooper Brettel then "forcibly proceeded to open Plaintiff's car door, extract[ed] him from the vehicle, mace[d] him, physically drag[ged] him from the vehicle and thr[e]w him on the ground." (*Id.*) Plaintiff cried out for help and Patrolmen Keith McDonald and Mark Watson approached the scene and "join[ed] Trooper Brettel in physically assaulting Plaintiff." (*Id.*) Plaintiff was subsequently handcuffed and placed in the backseat of Trooper Brettel's vehicle. (*Id.* ¶ 20.)

Plaintiff's Amended Complaint brings claims against Defendants, Trooper Brettel, and Patrolmen McDonald and Watson (collectively, the "Named Defendants").[3] (*Id.* ¶¶ 8-12.) With respect to Count One, Plaintiff alleges that the Named Defendants violated his rights under the

---

universally alter, without noting alterations within quotes, and adopt "Brettel" as the spelling of the Trooper's last name.

[3] In the Amended Complaint, the Named Defendants include Defendants, Trooper James Brettel, Patrolman Keith McDonald, Patrolman Mark Watson, John Does 1-10, John Roes Supervising Officers 1-10 and ABC Corporations 1-10. (Am. Compl. ¶ 1, ECF No. 36.) Patrolman Mark Watson was not listed as a defendant in the Complaint. (*Compare* Compl. ¶ 1, ECF No. 1, *with* Am. Compl. ¶ 1.) The Court's decision in this Memorandum Opinion relates only to Defendants Colonel Fuentes and Chief Collins.

Fourth, Fifth, and Fourteenth Amendments of the United States Constitution by: (1) "[d]etaining Plaintiff without probable cause;" (2) searching and seizing Plaintiff and/or his property without probable cause; (3) using excessive force; (4) creating a danger and undue risk to Plaintiff; (5) "[f]alsely arresting Plaintiff without probable cause;" (6) "[f]alsely imprisoning Plaintiff;" (7) "[m]aliciously prosecuting Plaintiff;" and (8) denying Plaintiff equal protection under the law. (*Id.* ¶ 31.) In addition, Plaintiff alleges that the Named Defendants insufficiently trained and supervised their subordinates, and that, collectively, the Named Defendants' actions constituted a policy, practice, procedure, or custom of the State of New Jersey and Hamilton Township police department. (*Id.* ¶¶ 32-34.) With respect to Counts Two and Three, Plaintiff brings state constitutional claims under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2, alleging that the Named Defendants violated his civil rights. (*Id.* ¶¶ 38-51.) These claims are based on the same facts and allegations as Plaintiff's federal constitutional claims. Plaintiff seeks compensatory damages, punitive damages, interest, attorneys' fees, and any such other relief as to which he may be entitled. (*Id.* at Prayer for Relief ¶¶ B-G.)

## II. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual

allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2).

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III. Discussion

In in their motions, Defendants argue that the Amended Complaint fails to plead sufficient facts to support a cause of action against Defendants. (Collins's Moving Br. 6, ECF No. 40-2; Fuentes's Moving Br. 5-6, ECF No. 45-1.) The Court agrees. In the Court's July 29, 2016

4

Memorandum Opinion, the Court dismissed with prejudice Plaintiff's Section 1983 claims against Colonel Fuentes and Chief Collins in their official capacities. (July 29, 2016 Mem. Op. 13, ECF No. 34.) The Court also stated that "Plaintiff may not base his claims against Colonel Fuentes and Chief Collins in their personal capacities solely on the basis of conduct by their employees or agents. (*Id.* (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).) The Court, therefore, dismissed without prejudice Plaintiff's constitutional claims against Defendants.

On August 30, 2016, Plaintiff filed the Amended Complaint alleging three Counts against Defendants. (*See generally* Am. Compl.) Here, with respect to claims against Defendants, Plaintiff's Amended Complaint contains *identical* factual allegations to those alleged in the Complaint. (*Compare* Am. Compl. ¶¶ 32-34, *with* Compl. ¶¶ 31-33, ECF No. 1.) Moreover, Plaintiff's Amended Complaint does not plead any additional factual allegations to support the constitutional causes of action against Defendants. In particular, Plaintiff's Amended Complaint does not allege specific facts regarding how the policy or custom(s) of either the State of New Jersey or Hamilton Township police department caused his injury that would allow his claim to cross "the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678. Thus, Plaintiff's Amended Complaint fails to cure the deficiencies that were identified in his Complaint. (*See* July 29, 2016 Mem. Op. 13-14.) For the same reasoning outlined in the Court's July 29, 2016 Memorandum Opinion, the Court finds that "Plaintiff may not base his claims against Colonel Fuentes and Chief Collins in their personal capacities solely on the basis of conduct by their employees or agents." (*See* July 29, 2016 Mem. Op. 13-14.) Accordingly, Plaintiff's constitutional claims against Defendants Colonel Fuentes and Chief Collins in their individual capacities are dismissed with prejudice.

5

## IV. Conclusion

For the reasons set forth above, the Court grants Defendants' motions to dismiss Plaintiff's Amended Complaint with respect to Defendants Colonel Fuentes and Chief Collins only. Counts One, Two, and Three against Defendants Colonel Fuentes and Chief Collins, in their individual capacities, are dismissed with prejudice. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** May 16, 2017