NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISRAEL VELEZ,<br><br>        Plaintiff,<br><br>v.<br><br>COLONEL JOSEPH R. FUENTES, et al.,<br><br>        Defendants. | Civil Action No. 15-6939 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Defendant Mark Watson's ("Defendant") motion to dismiss Plaintiff Israel Velez's ("Plaintiff") Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). (ECF No. 48.) Plaintiff filed opposition (ECF No. 49), and a cross-motion for leave to amend (ECF No. 50). Defendant replied and filed opposition to Plaintiff's cross-motion for leave to amend. (ECF No. 51.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's cross-motion for leave to amend is denied and Defendant's motion to dismiss is denied as moot.[1]

---

[1] The Court's decision in this Memorandum Opinion relates only to Defendant Mark Watson.

I. **Background**[2]

This case arises from a traffic stop of Plaintiff conducted by Trooper James Brettel[3] ("Trooper Brettel") on September 17, 2013. (Am. Compl. ¶ 17, ECF No. 36.) On September 17, 2013, at approximately 3:00 p.m., Plaintiff left his workplace in West Trenton, New Jersey, and was driving through the Hamilton area when he noticed that a state police vehicle was following him with its lights on. (*Id.*) At the direction of Trooper Brettel, Plaintiff pulled his vehicle over to the side of the road. (*Id.*) Trooper Brettel then approached Plaintiff's vehicle and asked for Plaintiff's license and registration. (*Id.* ¶ 18.) Plaintiff asked Trooper Brettel for the reason behind the traffic stop. (*Id.*) Trooper Brettel, however, refused to answer and stated that Plaintiff needed to provide him with his license and registration. (*Id.*) Plaintiff requested that Trooper Brettel contact his shift supervisor and have him present at the scene. (*Id.*) Trooper Brettel refused to call his supervisor and repeated his request for Plaintiff's license and registration. (*Id.*) Plaintiff repeated his inquiry as to the reason for the stop, but never received a response from Trooper Brettel. (*Id.*) Trooper Brettel then "forcibly proceeded to open Plaintiff's car door, extract[ed] him from the vehicle, mace[d] him, physically drag[ged] him from the vehicle[,] and thr[e]w him to the ground." (*Id.*) Patrolman Keith McDonald ("Patrolman McDonald") and Defendant

---

[2] The Court limits its factual recitation to the factual allegations necessary to decide the instant motions.

[3] The Court notes that there is a discrepancy in the spelling of Trooper James Brettel's last name in the Amended Complaint and responsive pleadings. For ease of reference, the Court will universally alter, without noting alterations within quotes, and adopt "Brettel" as the spelling of the Trooper's last name. The Court also notes that the Complaint refers to Defendant as Patrolman Mark Watson.

2

approached the scene and "joined Trooper Brettel in physically assaulting Plaintiff." (*Id.*) Plaintiff was subsequently handcuffed and placed in the backseat of Trooper Brettel's vehicle. (*Id.* ¶ 20.)

Plaintiff's Amended Complaint brings claims against Colonel Joseph Fuentes, Chief James Collins, Trooper Brettel, Patrolman McDonald, and Defendant (collectively, the "Named Defendants").[4] (*Id.* ¶¶ 8-12.) With respect to Count One, Plaintiff alleges that the Named Defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution by: (1) "[d]etaining Plaintiff without probable cause"; (2) searching and seizing Plaintiff and/or his property without probable cause; (3) using excessive force; (4) creating a danger and undue risk to Plaintiff; (5) "[f]alsely arresting Plaintiff without probable cause"; (6) "[f]alsely imprisoning Plaintiff"; (7) "[m]aliciously prosecuting Plaintiff"; and (8) denying Plaintiff equal protection under the law. (*Id.* ¶ 31.) With respect to Counts Two and Three, Plaintiff brings state constitutional claims under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2, alleging that the Named Defendants violated his civil rights. (*Id.* ¶¶ 38-51.) These claims are based on the same factual allegations as Plaintiff's federal constitutional claims. Plaintiff seeks compensatory damages, punitive damages, interest, attorneys' fees, and any other relief to which he may be entitled. (*Id.* at Prayer for Relief ¶¶ B-G.)

## II. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[4] In the Amended Complaint, the Named Defendants include Colonel Joseph Fuentes and Chief James Collins (dismissed from the action), Trooper Brettel, Patrolman McDonald, Defendant, John Does 1-10, John [D]oes Supervising Officers 1-10, and ABC Corporations 1-10. (Am. Compl. ¶ 1, ECF No. 36.) Defendant was not listed as a defendant in the original Complaint. (*Compare* Compl. ¶ 1, ECF No. 1, *with* Am. Compl. ¶ 1.)

3

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556

U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

**III.     Discussion**

Defendant argues that the Amended Complaint should be dismissed because: (1) he was not involved in Plaintiff's arrest; (2) he was named as a defendant for the first time in the Amended Complaint, after the expiration of the statute of limitations; and (3) the Amended Complaint fails to relate back to the original Complaint. (Def.'s Moving Br. 11-13, ECF No. 48-6.) In response to Defendant's motion to dismiss, Plaintiff contends that the Amended Complaint relates back to the original Complaint because Defendant was aware of the events giving rise to the action, should have expected to be joined in the suit, and would not be prejudiced by being joined at this stage of the litigation.[5] (Pl.'s Opp'n Br. 3-4, ECF No. 49-1.) Pursuant to Federal Rule of Civil Procedure 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[5] Plaintiff failed to seek leave from the Court to add Defendant as a named defendant in the Amended Complaint. The Court must determine whether an amended complaint that substitutes a named defendant for a John Doe defendant after the statute of limitations has expired meets the requirements of Federal Rule of Civil Procedure 15(c)(1)(C), prior to addressing Defendant's Motion to Dismiss.

5

Fed. R. Civ. P. 15(c)(1)(A)-(C). Here, the law that provides the applicable statute of limitations allows for relation back, and the claims made against Defendant in the Amended Complaint arise out of the same occurrence as the original Complaint. The Court, therefore, finds that the first two requirements under Rule 15(c)(1) are satisfied. *See* Fed. R. Civ. P. 15(c)(1)(A), (B).

In his Amended Complaint, Plaintiff adds Defendant to this action, alleging that Defendant was "formerly listed as a John Doe defendant" in the original Complaint.[6] (Am. Compl. ¶ 11.) "Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c)[.]" *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003) (citing *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3d Cir. 1977)). An amended complaint that substitutes a named defendant for a John Doe defendant after the statute of limitations has expired must meet the requirements of Federal Rule of Civil Procedure 15(c)(1)(C) ("Rule 15(c)(1)(C)") for relation back in order to be timely. *Id.* In other words, "[i]n order to change 'the party or the naming of the party against whom . . . claim[s] [are] asserted,'" Rule 15(c)(1)(C)(i)-(ii)[7] must be satisfied. *Id.* (citation omitted) (second and third alterations in original). Plaintiff, therefore, must show that:

> (1) the claim . . . set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading;

---

[6] The original Complaint, filed on the last day before the statute of limitations expired, alleged specific conduct by Trooper Brettel and Patrolman McDonald, such as dragging Plaintiff out of his vehicle and throwing a "haymaker right hook" at Plaintiff. (Compl. ¶¶ 18-20.) The Complaint, however, does not describe any conduct by John Doe Defendants. (*See Id.* ¶¶ 18-25.) The only description of John Doe Defendants states that they "are fictitious persons/law enforcement/public officers/employees whose identity is unknown at this time, and at all times relevant hereto were or may have been responsible, directly or indirectly, for the injuries sustained by Plaintiff." (*Id.* ¶ 14.) The Amended Complaint adds Defendant and alleges that Defendant joined Trooper Brettel and Patrolman McDonald in assaulting Plaintiff. (Am. Compl. ¶¶ 17-20.)

[7] Rule 15(c)(1)(C) was "amended as part of the general restyling of the Civil Rules" in 2007. Fed. R. Civ. P. 15 committee's note to 2007 amendments. The Court references the rule as currently written.

6

> (2) within the time period provided in [Federal] Rule [of Civil Procedure] 4(m) [("Rule 4(m)")], the party . . . to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) [within the time period provided in Rule 4(m),] the party sought to be added knew [or should have known] that, but for a mistake concerning his . . . identity, he . . . would have been made a party to the action.

*Id.* at 222 (citation omitted); *see* Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m).[8] Here, as noted above, the Court finds that the claims set forth in the Amended Complaint arose out of the occurrence that is set forth in the original Complaint. The Court, therefore, must determine whether Plaintiff satisfies the requirements of Rule 15(c)(1)(C)(i)-(ii).

Rule(c)(1)(C)(i) requires that a newly named defendant must have received notice of the action during the Rule 4(m) period such that he will not be prejudiced in defending on the merits. Fed. R. Civ. P. 15(c)(1)(C)(i). Notice need not be provided through actual service of process:

> [N]otice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. . . . At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action.

*Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001). If a newly named defendant does not receive actual notice of the action,[9] there are two methods of imputing notice: (1) the

---

[8] Rule 4(m) provides that the time limit for service is ninety days. Fed. R. Civ. P. 4(m). This period was changed from 120 days to ninety days in 2015. Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment ("Shortening the time to serve under Rule 4(m) means that the time of the notice required by Rule 15(c)(1)(C) for relation back is also shortened."). The Court finds that the difference between the two periods is not consequential because Plaintiff has not sufficiently pleaded that Defendant received notice of the action within either ninety or 120 days of the original Complaint's September 17, 2015 filing date.

[9] Plaintiff provides no evidence that Defendant received actual notice of the suit during the Rule 4(m) period.

7

"shared attorney" method[10]; and (2) the "identity of interest" method. *Garvin*, 354 F.3d at 222-23. Under the identity of interest method, notice will be imputed to a newly named defendant when he and an existing defendant are so closely related that suing one serves to provide notice of the action to the other. *Singletary*, 266 F.3d at 197.

Here, Plaintiff asserts that "[a]ny knowledge that his colleague, Defendant [Patrolman] McDonald, had of the action brought by Plaintiff is knowledge that appropriately should be imputed to [Defendant.]" (Pl.'s Opp'n Br. 3.) Plaintiff fails to plead sufficient factual allegations to satisfy his burden that notice was imputed to Defendant. Absent other circumstances that permit an inference that notice was received, municipal police officers do not have an identity of interest with their city employer. *Garvin*, 354 F.3d at 227 (finding that police officers do not rank high enough in the municipal hierarchy to conclude that they have an identity of interest with the municipality). Similarly, absent evidence that indicates otherwise, police officers do not have an identity of interest with fellow police officers that allows imputation of notice. *Lassoff v. New Jersey*, No. 05-2261, 2006 WL 5509595, at *5 (D.N.J. Jan. 31, 2006) (finding that, without evidence that a newly named defendant had been informed of the suit by a fellow detective, the two detectives' interests were not sufficiently intertwined to assume the newly named defendant had received notice of the action). The Court, therefore, finds that notice cannot be imputed to Defendant on the assertion that Defendant and Patrolman McDonald are so closely related that suing one serves to provide notice of the action to the other. *See Singletary*, 266 F.3d at 197.

A newly named defendant must receive notice of the action such that he will not be prejudiced in maintaining a defense. *Garvin*, 354 F.3d at 222. When a newly named defendant has

---

[10] Because Defendant does not share an attorney with any of the Named Defendants, the Court finds the shared attorney method inapplicable to its analysis.

received no notice of the action, it is "unlikely that such non-notice was sufficient to allay the prejudice." *Singletary*, 266 F.3d at 194 n.3. A newly named defendant may be prejudiced as the defendant faces exposure to significant damages and is brought into an action long after the suit has been filed. *See Lassoff*, 2006 WL 5509595, at *5 (finding prejudice where significant time had passed since the events giving rise to the action and the defendant faced punitive damages with no guarantee of indemnity by the State of New Jersey). Here, Plaintiff contends that Defendant will not be prejudiced because discovery has not occurred and, therefore, Defendant will not be prejudiced by being joined at this stage of the litigation. (*See* Pl.'s Opp'n Br. 4.) The Court disagrees and finds that Defendant would be prejudiced because Defendant is first named in the action nearly three years after the events giving rise to the litigation, and would face a judgment of compensatory damages, punitive damages, interest, and Plaintiff's attorneys' fees. Because Plaintiff has insufficiently pleaded that Defendant received notice of the action under Rule 15(c)(1)(c)(i), and Defendant would be prejudiced by maintaining a defense at this stage of the litigation, the Court finds that the claims against Defendant in the Amended Complaint fail to relate back to the original Complaint.[11]

The Court now turns to Plaintiff's cross-motion for leave to amend the Amended Complaint. A district court may deny a plaintiff an opportunity to amend a pleading "based on bad

---

[11] Plaintiff also argues that Defendant "should have known that he belongs in this action as a named defendant" and would be named when his name was learned because Defendant had knowledge of the events giving rise to the action and was named in Trooper Brettel's Investigation Report. (Pl.'s Opp'n Br. 4.) Because the Court finds that the notice requirement of Rule 15(c)(1)(C)(i) was not met, it does not reach the mistake requirement of Rule 15(c)(1)(C)(ii). *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (noting that "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period"). The notice and mistake requirements of Rule 15(c)(1)(C) are separate inquiries, and both elements must be met for an amended pleading to relate back. *See Singletary*, 266 F.3d at 190 (finding that "the plaintiff does not meet [the] notice requirement, and hence [the court] need not decide [on the mistake requirement]").

faith or dilatory motives, . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). It is futile to allow a plaintiff to make amendments that would not survive a motion to dismiss for failure to relate back to the original filing. *Garvin*, 354 F.3d at 222. Here, the Court concludes that amendments adding Defendant to this action do not relate back to the original Complaint.[12] To that end, the Court finds that Plaintiff fails to satisfy the Rule 15(c) requirements for relation back and any amendments to his Amended Complaint with respect to Defendant would be futile because a second amended complaint could not withstand a motion to dismiss on the basis of the statute of limitations. *See Garvin*, 354 F.3d at 221; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002) (noting that a plaintiff whose complaint fails to state a cause of action is entitled to amend the complaint unless doing so would be inequitable or futile).

### IV. Conclusion

For the reasons set forth above, the Court denies Plaintiff's cross-motion to amend with respect to Defendant Mark Watson only.[13] Accordingly, Defendant's motion to dismiss the Amended Complaint is dismissed as moot. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 30, 2017

---

[12] *See* discussion *supra* Section A.

[13] The Court understands the difficulties facing "victims of civil rights violations . . . unaware of the identity of the person or persons who violated those rights" at the time of filing a complaint. *Singletary*, 266 F.3d at 201 n.5. The Court notes, however, that pleading deficiencies and failures to adhere to procedural rules by Plaintiff's Counsel circumvented Plaintiff's ability to substitute a named defendant for a John Doe defendant after the statute of limitations has expired.